IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00324-MR

BRENDA EDWARDS, )
)
        Plaintiff, )
)
vs. ) **MEMORANDUM OF**
) **DECISION AND ORDER**
KILOLO KIJAKAZI,[1] Commissioner )
of Social Security, )
)
        Defendant. )
_____ )

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 12] and the Defendant's Motion for Summary Judgment [Doc. 15].

**I.  BACKGROUND**

On April 16, 2018, the Plaintiff, Brenda Edwards, filed an application for disability insurance benefits under Title II of the Social Security Act (the "Act"), alleging an onset date of January 1, 2008. [Transcript ("T.") at 149-50]. The Plaintiff's claims were initially denied on July 2, 2018 and upon reconsideration on October 5, 2018. [Id. at 51, 64]. Upon the Plaintiff's

---

[1] Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration on July 9, 2021 and is therefore substituted in this action as the named defendant. See Fed. R. Civ. P. 25(d).

request, a hearing was held on January 10, 2020 before an Administrative Law Judge ("ALJ"). [Id. at 30]. On February 5, 2020, the ALJ issued a written decision denying the Plaintiff benefits, finding that the Plaintiff was not disabled within the meaning of the Act since the alleged onset date of January 1, 2008. [Id. at 9-17]. The Appeals Council denied the Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. [Id. at 1-3]. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "When examining [a Social Security Administration] disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support

2

a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). It is the duty of the ALJ to "build an accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (citation omitted). "Without this explanation, the reviewing court cannot properly evaluate whether the ALJ applied the correct legal standard or whether substantial evidence supports his decisions, and the only recourse is to remand the matter for additional investigation and explanations." Mills v. Berryhill, No. 1:16-cv-25-MR, 2017

3

WL 957542, at *4 (W.D.N.C. Mar. 10, 2017) (Reidinger, J.) (citing Radford, 734 F.3d at 295).

## III. THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration Regulations set out a detailed five-step process for reviewing applications for disability. 20 C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden is on the claimant to make the requisite showing at the first four steps. Id.

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of the claimant. Id. (citing 20 C.F.R. § 416.920). If not, the case progresses to step two, where the claimant must show a severe impairment. If the claimant

4

does not show any physical or mental deficiencies, or a combination thereof, which significantly limit the claimant's ability to perform work activities, then no severe impairment is established, and the claimant is not disabled. Id.

At step three, the ALJ must determine whether one or more of the claimant's impairments meets or equals one of the listed impairments (the "Listings") found at 20 C.F.R. 404, Appendix 1 to Subpart P. If so, the claimant is automatically deemed disabled regardless of age, education or work experience. Id. If not, before proceeding to step four, the ALJ must assess the claimant's residual functional capacity (the "RFC"). The RFC is an administrative assessment of "the most" a claimant can still do on a "regular and continuing basis" notwithstanding the claimant's medically determinable impairments and the extent to which those impairments affect the claimant's ability to perform work-related functions. Social Security Ruling 96-8p; 20 C.F.R. §§ 404.1546(c); 404.943(c); 416.945.

At step four, the claimant must show that his or her limitations prevent the claimant from performing his or her past work. 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 634. If the claimant can still perform his or her past work, then the claimant is not disabled. Id. Otherwise, the case progresses to the fifth step where the burden shifts to the Commissioner. At step five, the Commissioner must establish that, given the claimant's age,

5

Case 1:20-cv-00324-MR   Document 17   Filed 09/29/22   Page 5 of 11

education, work experience, and RFC, the claimant can perform alternative work which exists in substantial numbers in the national economy. Id.; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 635. If the Commissioner succeeds in shouldering her burden at step five, the claimant is not disabled and the application for benefits must be denied. Id. Otherwise, the claimant is entitled to benefits.

## IV. THE ALJ'S DECISION

At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity from her alleged onset date, January 1, 2008, through her date of last insured ("DLI"), December 31, 2010. [T. at 14]. At step two, the ALJ found that, "[t]hrough the date of last insured," the Plaintiff had the following medically determinable impairments: "vestibular system disorder and pituitary gland, all disorders." [Id.]. At the same step, the ALJ found that the Plaintiff did not have a severe impairment or combination of impairments "[t]hrough the date of last insured." [Id.]. The ALJ therefore concluded that the Plaintiff was not "disabled" as defined by the Social

Security Act "from January 1, 2008, the alleged onset date, through December 31, 2010, the date of last insured." [Id. at 17].

## V. DISCUSSION[2]

As one of her assignments of error, the Plaintiff argues that the ALJ failed "to properly evaluate evidence generated after the DLI" when evaluating the severity of the Plaintiff's impairments. [Doc. 13 at 4]. As such, the Plaintiff argues that the ALJ's decision is not supported by substantial evidence. [Id. at 10].

"To establish eligibility for Social Security disability benefits, a claimant must show that he became disabled before his DLI." Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 340 (4th Cir. 2012) (citing 42 U.S.C. § 423(a)(1)(A), (c)(1); 20 C.F.R. §§ 404.101(a), 404.131(a)). In evaluating whether a claimant has met such burden, an ALJ must "consider all record evidence relevant to a disability determination." Id. at 343 (citation omitted). In some cases, "evidence created after a claimant's DLI, which permits an *inference of linkage* between the claimant's post-DLI state of health and her pre-DLI condition, [may] be the 'most cogent proof' of a claimant's pre-DLI disability." Id. at 341 (emphasis added) (quoting Moore v. Finch, 418 F.2d

---

[2] Rather than set forth the relevant facts in a separate section, the Court has incorporated the relevant facts into its legal analysis.

1224, 1226 (4th Cir. 1969)). As such, "an ALJ must give retrospective consideration to medical evidence created after a claimant's last insured date when such evidence may be 'reflective of a possible earlier and progressive degeneration.'" Id. at 345 (quoting Moore, 418 F.2d at 1226).

In the present case, the ALJ determined that the Plaintiff suffered from vestibular system disorder and pituitary gland disorder, which presented as dizziness, numbness, weakness in limbs, and unsteady gait. [T. at 15-17]. However, the ALJ concluded that despite the Plaintiff's impairments, "[t]he available record prior to the date of last insured does not support a finding that the [Plaintiff]'s alleged impairments were severe." [Id. at 15]. The ALJ did not discuss or evaluate any of the record evidence generated after the Plaintiff's DLI. [Id. at 16 (stating, "[t]here are no other records available for review during the period at issue.")].

Here, the Plaintiff presented significant post-DLI medical evidence that could "permit an inference of linkage" with the Plaintiff's pre-DLI condition, including evidence that identified ongoing dizziness, weakness in limbs, and unsteady gate years after the Plaintiff's DLI. [See, e.g., T. at 309-14, 319-30, 597-99, 600-21, 622-30, 1184-89, 2158-63]. The Plaintiff's treating physicians, Adrienne Stanley, M.D. and Stephen Buie, M.D., diagnosed the

8

Case 1:20-cv-00324-MR   Document 17   Filed 09/29/22   Page 8 of 11

Plaintiff with conversion disorder in 2012.[3] [Id. at 603, 625]. Dr. Stanley further opined that the Plaintiff's conversion disorder rendered her totally disabled. [Id. at 600-02]; see Arakas v. Comm'r, Soc. Sec. Admin., 983 F.3d 83, 106 (4th Cir. 2020) (a treating physician's opinion must be given controlling weight where that opinion "is (1) 'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and (2) 'not inconsistent with the other substantial evidence' in the record." (quoting 20 C.F.R. § 404.1527(c)(2))). Dr. Stanley's opinion was further bolstered by the Vocational Expert, who testified that—based on his professional experience and the Plaintiff's testimony at the 2020 hearing—the Plaintiff was unable to perform any occupation in the national economy. [T. at 49-50]. In addition, the Plaintiff's continuing deterioration was corroborated by both the Plaintiff's testimony at the 2020 hearing and a letter the Plaintiff's son submitted to the ALJ. [See T. at 39-47 (the Plaintiff testifying to progressive degeneration beginning in 2008); id. at 238-39 (the Plaintiff's son positing that the Plaintiff's health began deteriorating in November 2009 and noting her continuing difficulties with "balance and ambulatory dexterity")]; see also Bird, 699 F.3d

---

[3] "Conversion disorder is a phenomenon in which a person actually and subjectively experiences symptoms without a known underlying medical cause." Nowling v. Colvin, 813 F.3d 1110, 1113-14 (8th Cir. 2016) (citation omitted). "It is believed the symptoms, such as non-epileptic seizures, result from an unconscious, involuntary conversion of mental stress into a physiological symptom." Id. (citations omitted).

at 342 ("As we held in Moore, retrospective consideration of medical evidence is especially appropriate when corroborated by lay evidence." (citing Moore, 418 F.2d at 1226)). Finally, the ALJ failed to identify or discuss any record evidence demonstrating that the Plaintiff's post-DLI symptoms and diagnoses are unrelated to her pre-DLI symptoms. See Moore, 418 F.3d at 1226 (holding that the ALJ was required to consider evidence generated "six or seven years" after DLI because "the record [was] not so persuasive as to rule out any linkage between" the Plaintiff's final diagnosis and "his earlier symptoms").

The ALJ failed to give any retrospective consideration to the Plaintiff's post-DLI medical evidence as required by Bird. Further, the ALJ's failure is compounded because the Plaintiff's post-DLI "evidence may be 'reflective of a possible earlier and progressive degeneration.'" Bird, 699 F.3d at 345 (quoting Moore, 418 F.2d at 1226). Accordingly, this matter must be remanded because the ALJ erred by failing to provide any retrospective consideration to, or discussion of, the Plaintiff's post-DLI record evidence. See Bird, 699 F.3d at 342.

## VI. CONCLUSION

Because the ALJ failed to provide retrospective consideration to evidence developed after the Plaintiff's DLI, remand is required. On remand, the ALJ must narratively discuss all relevant evidence, including evidence developed after the Plaintiff's DLI. During the course of such narrative discussion, the ALJ must "build an accurate and logical bridge from the evidence to his conclusion[s]." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (citation omitted).

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 12] is **GRANTED** and the Defendant's Motion for Summary Judgment [Doc. 15] is **DENIED**. Pursuant to the power of this Court to enter judgment affirming, modifying or reversing the decision of the Commissioner under Sentence Four of 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED**, and the case is hereby **REMANDED** for further administrative proceedings consistent with this opinion. A judgment shall be entered simultaneously herewith.

Signed: September 29, 2022

**IT IS SO ORDERED.**

Martin Reidinger
Chief United States District Judge